```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
CHIRON WATKINS,

                    Plaintiff,                              **MEMORANDUM & ORDER**
                                                            14-CV-1512 (RRM) (LB)
       - against -

CITY OF THE STATE OF NEW YORK KINGS
COUNTY; JUDGES AUTHORITY AND
BONIFIDE COURT SYSTEM, ONEIDA
COUNTY, Individual & Official Capacity; Judge
MATTHEW D'EMIC; Judge S. MUNDO; Judge
MICHAEL BRENNAN; TITUS MATHAI;
ROBERT PECK; D.A. CHARLES HYNES;
A.D.A. DAVE KELLY; A.D.A. BROWN-LEE;
NEW YORK CITY HEALTH AND HOSPITAL
CORP.; KINGS COUNTY HOSPITAL CENTER;
ERNEST BAPTISTE, Executive Director;
ELIZABETH OWENS, Ph.D., Interim Director;
STEVEN RUBEL, M.D.; CHINMONY
GULRAJANI, M.D.; BEVERLY MARTIN, Ph.D.;
ALAN PERRY, Ph.D.,

                    Defendants.
-----------------------------------------------------------X
ROSLYNN R. MAUSKOPF, United States District Judge.
```

On February 28, 2014, plaintiff Chiron Watkins, a prisoner incarcerated at the Anna M. Kross Center ("AMKC") on Rikers Island, commenced this *pro se* action pursuant to 42 U.S.C. § 1983 against certain judges, prosecutors, assigned legal counsel, hospitals, and medical staff involved in his criminal prosecution in Kings County. (*See* Compl. (Doc. No. 1).) He also brought unrelated claims against Oneida County, the alleged situs of his incarceration from 2008–2010 for a prior conviction, alleging that he was held past his release date of April 16, 2010. (*Id.*) Watkins seeks $15,200,000 in damages. (*Id.*) Pursuant to 28 U.S.C. § 1915, plaintiff's request to proceed *in forma pauperis* is granted. For the reasons that follow, however,

the complaint is dismissed and Watkins is granted thirty (30) days in which to file an amended complaint.

## BACKGROUND

Under 28 U.S.C. § 1915A, the Court must review "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" and thereafter "dismiss the complaint, or any portion of the complaint," if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted." *Id.*; *see also Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). Similarly, the Court must dismiss *sua sponte* any action brought *in forma pauperis* if it is "frivolous or malicious, "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). In reviewing the complaint, the Court is mindful that Watkins is proceeding *pro se* and that his pleadings should be held to a less stringent standard than pleadings drafted by lawyers. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Harris*, 572 F.3d at 72.

Nevertheless, a *pro se* complaint must still plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In his complaint, Watkins names numerous defendants who can be divided into the following groups: (1) the City of New York; (2) Oneida County; (3) New York State judicial officers (defendants Brennan, D'Emic, and Mundo); (3) assigned legal defense counsel (defendants Mathai and Peck); (4) prosecutors (defendants Hynes, Kelly, and Brown-Lee); (5) hospitals (defendants New York City Health and Hospital Corporation and

2

Kings County Hospital Center); and (6) individual medical staff members at those hospitals (defendants Baptiste, Owens, Rubel, Gulrajani, Martin, and Perry). Watkins alleges that the conduct of these entities and individuals deprived him of constitutionally-protected rights. The Court addresses each group of defendants in turn below.

**DISCUSSION**

Watkins brought this suit under section 1983, which applies only when the challenged conduct was committed by a defendant or defendants acting under color of state law. *See Fabrikant v. French*, 691 F.3d 193, 206-07 (2d Cir. 2012). Section 1983 "constrains only state conduct, not the 'acts of private persons or entities,'" *Hooda v. Brookhaven Nat. Lab.*, 659 F. Supp. 2d 382, 393 (E.D.N.Y. 2009) (quoting *Rendell-Baker v. Kohn*, 457 U.S. 830, 837 (1982)), and it only grants a right of action – the substantive right giving rise to a claim must flow from another source. *See Singer v. Fulton Cnty. Sheriff*, 63 F.3d 110, 119 (2d Cir. 1995), *cert. denied*, 517 U.S. 1189 (1996); *Nickey v. City of New York*, No. 11-CV-3207 (RRM) (RLM), 2013 WL 5447510, at *4 n.4 (E.D.N.Y. Sept. 27, 2013). Thus, in order to state a claim under section 1983, a plaintiff must "allege that (1) the challenged conduct was attributable at least in part to a person who was acting under color of state law, and (2) the conduct deprived the plaintiff of a right guaranteed under the Constitution of the United States." *Rae v. County of Suffolk*, 693 F. Supp. 2d 217, 223 (E.D.N.Y. 2010) (internal quotation omitted).

**A. State Action Under Section 1983**

Construing the complaint in the light most favorable to Watkins, his complaint fails to state a claim against the defendant hospitals, medical staff, and assigned legal counsel. As indicated above, section 1983 applies only if these defendants acted under color of state law. *See Rae*, 693 F. Supp. 2d at 223. Assuming, *arguendo*, that these defendants somehow deprived

3

Watkins of a cognizable right, Watkins fails to allege any facts suggesting that any such actions were imbued with state law authority. As such, the claims against these defendants must be dismissed. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

First, with respect to the named hospitals and their medical staffs, Watkins alleges merely that the "Kings County Psychiatrist/psychologist ruling of incompetency was unprofessional." (Compl. at 5.) Watkins does not allege any facts that connect the hospitals and medical staff to a deprivation of his rights. The complaint thus fails to state a claim against the hospital and medical staff defendants. *See* 28 U.S.C. §§ 1915A(b); 1915(e)(2)(B).

Similarly, Watkins has not alleged facts tending to show that his assigned legal counsel acted under color of state law. He attempts to sue his public defenders, defendants Mathai and Peck, for providing "ineffective counsel." (Compl. at 5.) But a "public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk County v. Dodson*, 454 U.S. 312, 325 (1981). Rather, "it is well-established that court-appointed attorneys performing a lawyer's traditional functions as counsel to defendant do not act 'under color of state law' and are therefore not subject to suit under 42 U.S.C. § 1983." *Rodriguez v. Weprin*, 116 F.3d 62, 65–66 (2d Cir. 1997) (collecting cases); *see also Grant v. Hubert*, No. 09-CV-1051 (JBW), 2009 WL 764559, at *1 (E.D.N.Y. Mar. 20, 2009). Thus, Watkins' claims against Mathai and Peck must be dismissed. *See* 28 U.S.C. § 1915(e)(2)(B)(iii).

**B. Judicial Immunity**

Watkins' claims against defendants Brennan, D'Emic, and Mundo must also be dismissed. As an initial matter, Watkins does not attribute any specific conduct or misconduct to any of the judges named in this action. Instead, Watkins alleges generally that the "[j]udges[']

4

actions violated [his] Constitutional rights . . . by not preserving, protecting & defending [his] Constitutional rights" and "made rulings bias[ed], prejudice[d] in favor of their judicial office and not with reasoning and judgment according to the good faith of justice." (Compl. at 5.) Judicial officers are absolutely immune from suit for judicial acts performed in their judicial capacities. *See Mireles v. Waco*, 502 U.S. 9, 11 (1991) (per curiam); *Stump v. Sparkman*, 435 U.S. 349, 356 (1978); *Bliven v. Hunt*, 579 F.3d 204, 209 (2d Cir. 2009). A judge cannot "be deprived of immunity because the action he [or she] took was in error . . . or was in excess of his [or her] authority," *Mireles*, 502 U.S. at 11 (quoting *Stump*, 435 U.S. at 356). Indeed, judicial immunity is not defeated even by "allegations of bad faith or malice." *Id.* Even assuming some impropriety, which Watkins has not demonstrated, the actions alleged here are all judicial acts performed by the judges in their judicial capacities. Accordingly, the claims against the judicial defendants are dismissed. *See* 28 U.S.C. §§ 1915A(b); 1915(e)(2)(B).

### C. Prosecutorial Immunity

Watkins' claims against the named prosecutors likewise fail. The Court assumes for purposes of this discussion that any actions allegedly taken by the prosecutors in the case against Watkins were carried out under color of state law. But regardless, prosecutors are absolutely immune from liability in suits seeking damages for acts carried out in the course of their official duties. *See Van de Kamp v. Goldstein*, 555 U.S. 335, 342 (2009); *Doe v. Phillips*, 81 F.3d 1204 (2d Cir. 1996). "Prosecutorial immunity from [section] 1983 liability is broadly defined, covering 'virtually all acts, regardless of motivation, associated with the prosecutor's function as an advocate.'" *Hill v. City of New York*, 45 F.3d 653, 661 (2d Cir. 1995) (quoting *Dory v. Ryan*, 25 F.3d 81, 83 (2d Cir. 1994)) (internal alteration omitted). Here, even accepting the veracity of the facts alleged in the complaint, the prosecutors' conduct falls within the scope of that

5

immunity. Watkins' claims against the prosecutors thus seek monetary relief from defendants who are immune from such relief and must be dismissed.[1]  *See* 28 U.S.C. §§ 1915A(b); 1915(e)(2)(B).

**D. Municipal Liability**

In light of the above, Watkins' claims against the City of New York must also be dismissed. To succeed on a claim for municipal liability, a plaintiff must prove "(1) an official policy or custom that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional right." *Forde v. City of New York*, No. 12-CV-1547 (RRM) (SMG), 2014 WL 583163, at *3 (E.D.N.Y. Feb. 12, 2014) (quoting *Zahra v. Town of Southold*, 48 F.3d 674, 685 (2d Cir. 1995)). Here, Watkins fails to allege both the denial of any constitutionally protected right and the existence of any official policy or custom. Moreover, unlike a private employer, "a municipality cannot be held liable under section 1983 on a *respondeat superior* theory." *Forde*, 2014 WL 583163, at *3 (quoting *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 691 (1978)) (internal alteration omitted). As such, Watkins has not alleged the "causal link" between a cognizable injury and an official policy or custom that is necessary to impose liability on the City. *Batista v. Rodriguez*, 702 F.2d 393, 397 (2d Cir. 1983) (citing *Monell*, 436 U.S. at 694 n.58).

**E. Claims Against Oneida County**

Finally, the Court will not address any claims arising from allegations related to Watkins' incarceration at the Oneida County Jail. Because Oneida County is located in the Northern District of New York, *see* 28 U.S.C. § 112(a), the Eastern District of New York is not the proper

---

[1] To the extent Watkins seeks to recover for malicious prosecution, that claim also fails. To succeed, Watkins must show, *inter alia*, that the prosecution in question terminated in his favor. *See Rohman v. New York City Transit Auth.*, 215 F.3d 208, 215 (2d Cir. 2000). Here, however, Watkins does not even allege that proceedings in his state case have concluded, let alone that the prosecution terminated in his favor.

venue in which to raise these claims. *Cf. Williams v. Comm'r NYSDOC*, No. 07-CV-5496 (WHP) (FM), 2010 WL 1047661, at * 4 (S.D.N.Y. Mar. 2, 2010), *rep. and recommendation adopted by* 2010 WL 1063327 (S.D.N.Y. Mar. 22, 2010). The Court offers no opinion on the merits or timeliness of any such claims, and they are dismissed without prejudice.

**F. Leave to Amend**

Federal Rule of Civil Procedure 15(a) contemplates that courts will "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). Where a cause of action is dismissed due to deficient pleading, leave to amend should generally be granted. *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *Petrone v. Hampton Bays Union Free Sch. Dist.*, No. 03-CV-4359 (SLT) (ARL), 2009 WL 2905778, at *15–16 (E.D.N.Y. Sept. 10, 2009). This is especially true where, as here, a litigant proceeds *pro se*. *See Cuoco v. Moritsugu,* 222 F.3d 99, 112 (2d Cir. 2000); *Marcelin v. Cortes-Vazquez*, No. 09-CV-4303 (RRM) (JMA), 2011 WL 346682, at *2 (E.D.N.Y. Jan. 28, 2011). Watkins is therefore granted leave to amend his complaint, provided that any such amendment is filed within thirty (30) days of the date of this Memorandum and Order.

## CONCLUSION

For the foregoing reasons, plaintiff's motion for leave to proceed *in forma pauperis* (Doc. No. 2) is granted and the complaint is dismissed pursuant to 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B). Watkins is granted leave to amend his complaint within thirty (30) days of the date of this Memorandum and Order. Failure to do so will result in dismissal of this action without prejudice.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of the Court is directed to mail a copy of this Memorandum and Order to plaintiff *pro se*, and to note the mailing on the docket.

SO ORDERED.

Dated: Brooklyn, New York
August 15, 2014

*Roslynn R. Mauskopf*
_____
ROSLYNN R. MAUSKOPF
United States District Judge