UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
CHIRON WATKINS,

                                     **MEMORANDUM AND ORDER**

            Plaintiff,                   14-CV-1512 (RRM)(LB)

   -against-

CITY OF THE STATE OF NEW YORK KINGS
COUNTY; JUDGES AUTHORITY AND
BONIFIDE COURT SYSTEM, ONEIDA COUNTY,
Individual & Official Capacity, Judge MATTHEW
D'EMIC; Judge S. MUNDO; Judge MICHAEL
BRENNAN; TITUS MATHAI, ROBERT PECK;
D.A. CHARLES HYNES, A.D.A. DAVE KELLY;
A.D.A. BROWN-LEE; NEW YORK CITY HEALTH
AND HOSPITAL CORP.; KINGS COUNTY
HOSPITAL CENTER; ERNEST BAPTISTE, Executive
Director; ELIZABETH OWENS, Ph.D, Interim Director,
STEVEN RUBEL, M.D., CHINMONY GULRAJANI,
M.D., BEVERLY MARTIN, Ph.D.; ALAN PERRY, Ph.D.,

            Defendants.
------------------------------------------------------------------x
ROSLYNN R. MAUSKOPF, United States District Judge.

      On February 28, 2014, plaintiff Chiron Watkins, a prisoner incarcerated at the Anna M. Kross Center ("AMKC") on Rikers Island, commenced this *pro se* action pursuant to 42 U.S.C. § 1983 against the judges, prosecutors, assigned legal counsel, hospitals and medical staff involved in his criminal prosecution in Kings County. (*See* Compl. (Doc. No. 1).) He also brought unrelated claims against Oneida County, the alleged situs of his incarceration from 2008 – 2010 for a prior conviction, alleging that he was held past his release date of April 16, 2010. (*Id.*)

      By Memorandum and Order dated August 15, 2014, the Court granted plaintiff's request to proceed *in forma pauperis,* dismissed the complaint, and allowed plaintiff to file an amended complaint within 30 days. (*See* Doc. No. 6.) The Court also warned plaintiff that "[f]ailure to [file an amended complaint] will result in dismissal of this action without prejudice." (*Id.*)

On August 28, 2014, the Court's Order was returned by the United States Postal Service as undeliverable. (*See* Doc. No. 7.) It is plaintiff's obligation to notify the Court of a change of address. *See Concepcion v. Ross*, No. 92-CV-770, 1997 WL 777943, at *1 (E.D.N.Y. Oct. 27, 1997); *Gonzalez v. Walker*, No. 10-CV-2896, 2011 WL 534358, at *1 (E.D.N.Y. Jan. 6, 2011). A *pro se* litigant's failure to provide the Court with notice of a change of address warrants dismissal without prejudice. *See Dong v. United States*, No. 02-CV-7751, 2004 WL 385117, at *3 (S.D.N.Y. Mar. 2, 2004) ("[N]o remedy other than dismissal makes sense" when the Court is unable to reach the plaintiff.). To date, Watkins has not contacted the Court with an updated address.

## CONCLUSION

Accordingly, the complaint, filed *in forma pauperis*, is dismissed pursuant to 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B) as set forth in the Court's August 15, 2014 Memorandum and Order. The Clerk of Court is directed to enter judgment in favor of defendants and to close this action. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Memorandum and Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444 – 45 (1962). The Clerk of Court shall mail a copy of this Memorandum and Order and the accompanying Judgment to plaintiff at his last known address and to note the mailing on the docket.

SO ORDERED.

*Roslynn R. Mauskopf*
_____
ROSLYNN R. MAUSKOPF
United States District Judge

Dated: Brooklyn, New York
September 30, 2014